**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONALD BEASLEY, Individually And On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>TELETECH HOLDINGS, INC., KENNETH D. TUCHMAN, JOHN R. TROKA, RUTH C. LIPPER, SHIRLEY YOUNG, WILLIAM A. LINNENBRINGER, JAMES E. BARLETT, SHRIKANT MEHTA, CITIGROUP GLOBAL MARKETS INC., MORGAN STANLEY & CO., INC, and ERNST & YOUNG, LLP,<br><br>    Defendants. | **CASE NUMBER: 08-CV-00913**<br><br>**JUDGE LAURA TAYLOR SWAIN** |
| WILLIAM BROWN, Individually And On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>TELETECH HOLDINGS, INC., KENNETH D. TUCHMAN, JOHN R. TROKA, RUTH C. LIPPER, SHIRLEY YOUNG, WILLIAM A. LINNENBRINGER, JAMES E. BARLETT, SHRIKANT MEHTA, CITIGROUP GLOBAL MARKETS INC., MORGAN STANLEY & CO., INC, MERRILL LYNCH & CO., CREDIT SUISSE and ERNST & YOUNG, LLP,<br><br>    Defendants. | **CASE NUMBER: 08-CV-01842**<br><br>**JUDGE LAURA TAYLOR SWAIN** |

**MEMORANDUM IN SUPPORT OF THE MOTION OF DONALD BEASLEY AND PAPRAJ SUDHAKAR TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFFS; AND TO APPROVE PROPOSED LEAD PLAINTIFFS' CHOICE OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT…………………………………………………………………1

PROCEDURAL BACKGROUND……………………………………………………………….2

STATEMENT OF FACTS………………………………………………………………………..3

ARGUMENT……………………………………………………………………………………..4

I.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS………………..4

II.  DONALD BEASLEY AND PAPRAJ SUDHAKAR SHOULD BE APPOINTED
     LEAD PLAINTIFFS……………………………………………………………………5

     A.   The Procedural Requirements Pursuant to the PSLRA…………………………...5

     B.   Donald Beasley and Papraj Sudhakar Are "The Most Adequate
          Plaintiffs"…………….......................................................................................7

          1.   Donald Beasley and Papraj Sudhakar Have Complied With the
               PSLRA and Should Be Appointed Lead Plaintiffs……………………….7

          2.   Donald Beasley and Papraj Sudhakar Have the Largest Financial
               Interest……………………………………………………………………7

          3.   Donald Beasley and Papraj Sudhakar Satisfy the Requirements of Rule
               23…………………………………………………………………………..8

               i.   Donald Beasley and Papraj Sudhakar's Claims are Typical of the
                    Claims of all the Class Members………………………………...9

               ii.  Donald Beasley and Papraj Sudhakar Will Adequately Represent
                    the Class………………………………………………………...10

III. THE COURT SHOULD APPROVE DONALD BEASLEY AND PAPRAJ
     SUDHAKAR'S CHOICE OF LEAD COUNSEL ……………………………………11

CONCLUSION…………………………………………………………………………………..12

**PRELIMINARY STATEMENT**

Donald Beasley and Papraj Sudhakar ("Beasley and Sudhakar" or "Movants")[1] hereby move to consolidate various related securities fraud class actions filed against TeleTech Holdings, Inc.[2] ("TeleTech" or the "Company") and other Defendants, to be appointed Lead Plaintiffs in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Section 27(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), and for approval of their selection of the law firm of Kahn Gauthier Swick, LLC ("KGS"), as Lead Counsel for the Class in this case.

Beasley and Sudhakar fully understand their duties and responsibilities to the Class, and are willing and able to oversee the vigorous prosecution of this action. As described in the Certifications attached to the Declaration of Kim E. Miller in Support of the Motion of Donald Beasley and Papraj Sudhakar to Consolidate All Related Actions, To Be Appointed Lead Plaintiffs, and To Approve Proposed Lead Plaintiffs' Choice of Counsel ("Miller Decl.") at Exhibit A, Beasley and Sudhakar have suffered losses of $36,006.93 as a result of their purchases of shares of TeleTech common stock on the open market between the dates of February 8, 2007 and November 8, 2007[3], inclusive (the "Class Period"), including the shares purchased in connection with the Company's March 30, 2007 Secondary Public Offering. To the

---

[1] The movants move together as a group. Alternatively, each agrees to have the Court consider their losses individually and appoint an individual from amongst the two of them, should the Court so desire.

[2] The related securities fraud class actions include the following cases: *Donald Beasley v. TeleTech Holdings, Inc., et al.,* 08-cv-00913-LTS (filed January 25, 2008) and *William Brown v. TeleTech Holdings, Inc., et al.*, 08-cv-01842-LTS (filed February 25, 2008).

[3] This Class Period is based on the Class Period alleged in the complaint titled *Donald Beasley v. TeleTech Holdings, Inc., et al.*

best of their knowledge, Beasley and Sudhakar have sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Beasley and Sudhakar's Certifications demonstrate their intent to serve as Lead Plaintiffs in this litigation, including their cognizance of the duties of serving in that role.[4]  Moreover, Beasley and Sudhakar satisfy both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and are presumptively the "most adequate plaintiffs."

Accordingly, Beasley and Sudhakar respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B) and 27(a) of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Beasley and Sudhakar as Lead Plaintiffs in this action pursuant to the Exchange Act; and (3) approving Movants' selection of the law firm of KGS as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Donald Beasley v. TeleTech Holdings, Inc., et al.*, 08-cv-00913-LTS, was filed on behalf of plaintiff Donald Beasley by KGS in the Southern District of New York on January 25, 2008.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i) and 15 U.S.C. § 77z-1(a)(3)(A)(i), on January 25, 2008, the first notice that a class action had been initiated against Defendants was published on *Prime Newswire*, a widely-circulated national

---

[4] The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii).  A copy of Beasley and Sudhakar's Certifications of their transactions in TeleTech securities during the Class Period is attached as Exhibit A to the Miller Declaration that has been filed in support of this motion.

business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than March 25, 2008. *See* Miller Decl. at Exhibit B.

Movants are Class Members (*see* Miller Decl. at Exhibit A) who have timely filed this motion within the 60 day period following publication of the January 25, 2008 notice.

### STATEMENT OF FACTS[5]

Defendants' publication of materially false and misleading statements at the beginning of the Class Period allowed Defendant Tuchman to sell over $209.87 million of common stock to the public in the March 2007 Secondary Offering. Thereafter, during the remainder of the Class Period, these false statements also had the intended effect of causing TeleTech's shares to trade at artificially inflated levels. Moreover, as direct result of defendants' publication of these false statements, during the Class Period, shares of the Company traded to a high of over $40.00 per share soon after the Secondary Offering, in early-April 2007.

On November 8, 2007, the final day of the Class Period, defendants shocked investors by announcing that TeleTech was conducting a "REVIEW OF EQUITY-BASED COMPENSATION PRACTICES AND LIKELY RESTATEMENT OF PREVIOUS ISSUED FINANCIAL STATEMENTS" would be required—possibly as far back as 1999. At that time, investors were also amazed by Defendants' sudden disclosure that TeleTech would likely be forced to take tens of millions, or possibly hundreds of millions, of dollars in charges and reserves, and that the Company would be forced to restate almost a full decade of financial results to account for the Company's true employment costs, expenses, reserves, payroll taxes, fines and penalties.

---

[5] These facts were derived from the allegations contained in the class action styled as *Donald Beasley v. TeleTech Holdings, Inc., et al.,* 08-cv-00913-LTS (filed January 25, 2008).

Accordingly, the following day, November 9, 2007, shares of TeleTech fell from a prior day's closing price of $22.61 per share, to an intra-day and 52-week trading low of $18.76 per share—an immediate decline of over 17%. That day, over 4.13 million shares traded as TeleTech shares fell to a mere half of the $36.50 price at which Defendant Tuchman liquidated almost $210 million of his personally held TeleTech shares at the end of March 2007.

This dramatic share price decline eradicated much of the artificial inflation from TeleTech's share price and caused real economic loss to investors who purchased this stock during the Class Period and/or in connection with the Secondary Offering. The decline in TeleTech's stock price at the end of the Class Period was a direct result of the nature and extent of defendants' illegal and improper conduct being revealed to investors and to the market. The timing and magnitude of TeleTech's stock price decline negates any inference that the losses suffered by plaintiff and the other members of the Class were caused by changed market conditions, macroeconomic or industry factors, or even Company-specific facts unrelated to defendants' fraudulent conduct.

## ARGUMENT

### I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (Fed. R. Civ. P. 42(a))[6] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 21D(a)(3)(B)(iii) of the Exchange Act and Section 27(a)(3)(B)(iii) of the Securities Act addresses the issue of consolidation of related securities actions:

---

[6] Fed. R. Civ. P. 42(a): Consolidation. When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated.

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered.

The related actions are perfectly suited for consolidation. The class action complaints likely contain very similar allegations charging the Company and key executives with making false and misleading statements, and omitting material information concerning the Company's financial health during the relevant period.[7]  The Complaints also allege similar defendants. "While district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports.'" *Glauser v. EVCI Career Colleges Holding Corp.*, No. 05-cv-10240, 2006 WL 1302265, at *3 (S.D.N.Y. May 9, 2006). Accordingly, this Court should consolidate the related actions.

## II.     DONALD BEASLEY AND PAPRAJ SUDHAKAR SHOULD BE APPOINTED LEAD PLAINTIFFS

### A.     The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3) and 15 U.S.C. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class Members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i) and 15 U.S.C. § 77z-1(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Prime Newswire* on January 25, 2008. *See*

---

[7] As of the filing of this motion, the only available complaint on PACER was the *Beasley* complaint.

- 5 -

Miller Decl. Exhibit B.[8]  This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than March 25, 2008.  Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action.  15 U.S.C. § 78u-4(a)(3)(A) and (B) and 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members.  15 U.S.C. § 78u-4(a)(3)(B)(i) and 15 U.S.C. § 77z-1(a)(3)(B)(i).  In determining who is the "most adequate plaintiff," the acts provide that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa)  has either filed the complaint or made a motion in response to a notice…
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii).  *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

---

[8] *Prime Newswire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997).

**B.      Donald Beasley and Papraj Sudhakar Are "The Most Adequate Plaintiffs"**

**1.      Donald Beasley and Papraj Sudhakar Have Complied With the PLSRA and Should Be Appointed Lead Plaintiffs**

Beasley and Sudhakar move this Court to be appointed Lead Plaintiffs and have timely filed the instant motion to be appointed Lead Plaintiffs within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Prime Newswire*, a national business-oriented wire service, on January 25, 2008. Accordingly, Beasley and Sudhakar meet the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) and have filed their motion by March 25, 2008.

Moreover, Beasley and Sudhakar have sustained a substantial loss from their investment in TeleTech stock and have shown their willingness to represent the Class by signing Certifications detailing their TeleTech transaction information during the Class Period. *See* Miller Decl. Exhibit A. As demonstrated by their Certifications, Beasley and Sudhakar are prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, Beasley and Sudhakar have selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biography of proposed Lead Counsel, KGS, is attached as Exhibit C to the Miller Declaration.

**2.      Donald Beasley and Papraj Sudhakar Have the Largest Financial Interest**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Sofran*, 220 F.R.D. at 401; *see also, Lee v. Axonyx, Inc., et al.*, No. 7:05-cv-2307, slip. Op., at pg. 8 (S.D.N.Y. Jan. 27, 2006) (Griesa, J.) (appointing

movant with the largest financial interest). As demonstrated herein, Movants (with losses of $36,006.93) have the largest known financial interest in the relief sought by the Class. *See* Miller Decl. Exhibit A.

### 3. Donald Beasley and Papraj Sudhakar Satisfy the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy— directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff selection under the PSLRA); *See also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not

appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs. Beasley and Sudhakar have claims that are typical of those of other class members and can adequately serve as Lead Plaintiffs.

### i. Donald Beasley and Papraj Sudhakar's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because Beasley and Sudhakar's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. Beasley and Sudhakar and all of the Class Members purchased TeleTech securities during the Class Period and in connection with the Company's March 30, 2007 Secondary Public Offering when the stock prices were artificially inflated as a result of the Defendants' fraudulent misrepresentations and omissions, and thus, both Beasley and Sudhakar and the Class Members suffered damages as a result of these purchases. Simply put, Beasley and Sudhakar, like all other

Class Members: (1) purchased TeleTech stock during the Class Period and in connection with the Company's March 30, 2007 Secondary Public Offering; (2) purchased TeleTech stock at artificially-inflated prices as a result of defendants' misrepresentations and omissions; and (3) suffered damages thereby. Beasley and Sudhakar's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. Beasley and Sudhakar are not subject to any unique or special defenses. Thus, Beasley and Sudhakar meet the typicality requirement of Fed. R. Civ. P. Rule 23 because their claims are the same as the claims of the other Class Members.

### ii. Donald Beasley and Papraj Sudhakar Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B).

Beasley and Sudhakar's interests are clearly aligned with the members of the Class because their claims are identical to the claims of the Class. There is no evidence of antagonism between their interests and those of the proposed Class Members. Furthermore, Beasley and Sudhakar have a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss they incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Beasley and Sudhakar's identical interest with the members of the Class, clearly shows that Beasley and Sudhakar will adequately

and vigorously pursue the interests of the Class. In addition, Beasley and Sudhakar have selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent them.

In sum, because of Beasley and Sudhakar's common interests with the Class Members, their clear motivation and ability to vigorously pursue this action, and their competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case. Therefore, since Beasley and Sudhakar not only meet both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and have sustained the largest amount of losses at the hands of the Defendants, they are, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiffs to lead this action.

### III. THE COURT SHOULD APPROVE DONALD BEASLEY AND PAPRAJ SUDHAKAR'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiffs' choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Beasley and Sudhakar have selected KGS to serve as proposed Lead Counsel for the Class. This firm has not only prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions. *See* Miller Decl. Exhibit C. Furthermore, Beasley and Sudhakar's counsel has continually invested time and resources in carefully investigating and prosecuting this case. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

**CONCLUSION**

For all of the foregoing reasons, Beasley and Sudhakar respectfully request that this Court: (1) consolidate all related actions, (2) appoint Beasley and Sudhakar to serve as Lead Plaintiffs in this action; (3) approve Beasley and Sudhakar's selection of Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: March 25, 2008                                          Respectfully submitted,


                                                               KAHN GAUTHIER SWICK, LLC

                                                                 /s/  Kim E. Miller_____
                                                               Kim E. Miller (KM-6996)
                                                               12 East 41st Street, 12th Floor
                                                               New York, NY 10017
                                                               Telephone:  (212) 696-3730
                                                               Facsimile:   (504) 455-1498


                                                               KAHN GAUTHIER SWICK, LLC
                                                               Lewis S. Kahn
                                                               650 Poydras St., Suite 2150
                                                               New Orleans, Louisiana 70130
                                                               Telephone: (504) 455-1400
                                                               Facsimile: (504) 455-1498

                                                               *Counsel for Donald Beasley and Papraj Sudhakar and Proposed Lead Counsel for the Class*


**CERTIFICATE OF SERVICE**

I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on March 25, 2008.


                                                                /s/   Kim E. Miller
                                                               Kim E. Miller