UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ------------------------------------------------------- x | |
| DONALD BEASLEY, Individually, and On Behalf of All Others Similarly Situated, : : : | Electronically Filed |
| Plaintiff, : : | Civil Action No.: 1:08-cv-00913-LTS |
| v. : : | (ECF Case) |
| TELETECH HOLDINGS, INC., KENNETH D. : TUCHMAN, JOHN R. TROKA, RUTH C. : LIPPER, SHIRLEY YOUNG, WILLIAM A. : LINNENBRINGER, JAMES E. BARLETT, : SHRIKANT MEHTA, CITIGROUP GLOBAL : MARKETS INC., MORGAN STANLEY & : CO., INC., and ERNST & YOUNG, LLP, : : | Hon. Laura Taylor Swain |
| Defendants. : ------------------------------------------------------- x | |

*(Additional Caption on the Following Page)*


**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF THE NEW ORLEANS EMPLOYEES' RETIREMENT SYSTEM
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

------------------------------------------------------------ x
WILLIAM BROWN, Individually, and On : 
Behalf of All Others Similarly Situated, :
: Electronically Filed
Plaintiff, :
: Civil Action No.: 1:08-cv-01842-LTS
v. : (ECF Case)
:
TELETECH HOLDINGS, INC., KENNETH D. : Hon. Laura Taylor Swain
TUCHMAN, JOHN R. TROKA, JAMES E. :
BARLETT, RUTH C. LIPPER, WILLIAM A. :
LINNENBRINGER, SHRIKANT MEHTA, :
SHIRLEY YOUNG, CITIGROUP GLOBAL :
MARKETS INC., MORGAN STANLEY & :
CO., INC., MERRILL LYNCH & CO., :
CREDIT SUISSE, and ERNST & YOUNG, :
LLP, :
:
Defendants. :
------------------------------------------------------------ x

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

I.     THE ABOVE-CAPTIONED ACTIONS SHOULD BE CONSOLIDATED .................... 3

II.    NEW ORLEANS SHOULD BE APPOINTED LEAD PLAINTIFF ................................ 4

       A.    The Procedural Requirements Pursuant to the PSLRA ........................................... 4

       B.    New Orleans is the "Most Adequate Plaintiff" ........................................................ 5

             1.    New Orleans Has Made a Timely Motion for Appointment as Lead Plaintiff .................................................................................................. 5

             2.    New Orleans Has the Largest Financial Interest ........................................ 6

             3.    New Orleans Otherwise Satisfies Rule 23 .................................................. 6

             4.    New Orleans is the Prototypical Lead Plaintiff Envisioned by the PSLRA ........................................................................................................ 8

III.   THE COURT SHOULD APPROVE NEW ORLEANS' CHOICE OF COUNSEL ......... 9

CONCLUSION ......................................................................................................................... 10

The New Orleans Employees' Retirement System ("New Orleans") respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order (i) consolidating the above-captioned cases; (ii) appointing New Orleans as lead plaintiff of the class of purchasers of the securities of Teletech Holdings, Inc. ("Teletech" or the "Company"); and (iii) approving New Orleans' selection of the law firm Labaton Sucharow LLP ("Labaton Sucharow") as lead counsel for the Class.

## **INTRODUCTION**

The above-captioned actions (collectively, the "Action") are securities purchaser class action lawsuits that have been brought against Teletech, certain officers and/or directors of the Company, and the underwriters of Teletech's March 30, 2007 Secondary Public Offering (collectively, "Defendants") alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.  The Action was commenced in this jurisdiction on January 25, 2008 on behalf of all persons or entities, other than Defendants, who purchased or acquired the securities of Teletech between February 8, 2007 and November 8, 2007, including those who purchased shares in connection with the Company's March 30, 2007 Secondary Public Offering (the "Class Period").

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I); 78u-4(a)(3)(B)(iii)(I).  New Orleans, with losses of $42,617 in connection with its purchases of

Teletech securities during the Class Period, is adequate and typical to serve as lead plaintiff.[1]
*See* Declaration of Alan I. Ellman ("Ellman Decl.") at Ex. A. New Orleans, an institutional investor that manages approximately $405 million in assets, is the ideal lead plaintiff envisioned by the PSLRA.

To the best of its knowledge, New Orleans' losses represent the largest known financial interest of any Class member seeking to be appointed as lead plaintiff. *See* Ellman Decl. at Ex. B. New Orleans is not aware of any other Class member that has filed an action or filed an application for appointment as lead plaintiff that has sustained greater financial losses. In addition, New Orleans satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as lead plaintiff in the Action. Thus, as demonstrated herein, New Orleans is the presumptive most adequate plaintiff and should be appointed lead plaintiff.

## STATEMENT OF FACTS

Teletech is a provider of business process outsourcing solutions. On March 30, 2007, the Company conducted its Secondary Public Offering ("SPO"). Following the SPO, the Company continued to paint a picture of sound financial health and markets. On May 9, 2007, however, the Company announced that its auditor, Ernst & Young LLP, was declining to stand for re-election as the Company's independent registered public accounting firm for the year ending December 31, 2007. On November 8, 2007, Teletech disclosed that it was reviewing its equity-based compensation practices and would likely have to restate previously issued financial statements, possibly going back to 1999. The Company concluded that financial statements for

---

[1] The losses suffered by New Orleans are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

- 2 -

the periods 1999 through the second quarter of 2007 should not be relied upon. Upon these disclosures, Teletech shares declined materially on unusually heavy trading volume.

Throughout the Class Period, Defendants failed to disclose material adverse facts about the Company's financial well-being and prospects. Specifically, Defendants failed to disclose the following: (1) that the Company's financial statements were misstated; (2) that the Company improperly accounted for compensation expenses by backdating tens or hundreds of millions of dollars in options granted to executives between 1999 and 2007; (3) that the financial statements (including those presented in the Registration Statement issued pursuant to the SPO) were misstated because the Company under-reported its employment taxes and compensation expenses, as well as its reserves, and over-reported its earnings and gross margins and failed to make the proper adjustments to operational and financial reports; (4) that the Company's financial statements were not prepared in accordance with Generally Accepted Accounting Principles; (5) that the Company lacked adequate internal and financial controls; and (6) that, as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

As a result of Defendants' wrongful acts and omissions, and the significant decline in the market value of Teletech's stock, New Orleans and the Class suffered substantial losses and damages when the truth was disclosed to the market.

## ARGUMENT

**I.    THE ABOVE-CAPTIONED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999). The Court has broad discretion under

this Rule to consolidate cases pending within its District. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See Id.* at 1285; *Aronson*, 79 F. Supp. 2d at 1150. Consolidation facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976).

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of federal securities laws, and is based on the same wrongful course of conduct. Each names the Company, the same individuals, and several of the same underwriters as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all of the above-captioned actions. Accordingly, consolidation under Rule 42(a) is appropriate.

## II.     NEW ORLEANS SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §§ 77z-1(a)(3); 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(A)(i); 78u-4(a)(3)(A)(i). The plaintiff which filed the complaint in this Action published a notice on *Prime Newswire* on January 25, 2008. *See* Ellman Decl. Ex. C. This notice correctly indicated that applications for

appointment as lead plaintiff were to be made no later than March 25, 2008.  Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action.  15 U.S.C. §§ 77z-1(a)(3)(A)-(B); 78u-4(a)(3)(A)-(B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency.  15 U.S.C. §§ 77z-1(a)(3)(B)(i); 78u-4(a)(3)(B)(i).  In determining who is the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> > (aa)  has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### B. New Orleans is the "Most Adequate Plaintiff"

#### 1. New Orleans Has Made a Timely Motion for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, New Orleans timely moves this Court to be appointed lead plaintiff on

- 5 -

behalf of all plaintiffs and class members covered by the Action and any other actions deemed related by this Court.

### 2. New Orleans Has the Largest Financial Interest

According to 15 U.S.C. §§ 77z-1(a)(3)(B)(iii) and 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member who represents the largest financial interest in the relief sought by the action. *See Glauser,* 236 F.R.D. at 190 (appointing institutional lead plaintiff movant with largest financial interest); *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05-cv-04617 (RJH), 2006 WL 197036, at *1 (S.D.N.Y. Jan. 25, 2006) (Holwell, J.) (same). New Orleans, with a loss of $42,617, believes that it has the "largest financial interest" in this litigation. *See* Ellman Decl. Ex. B.

### 3. New Orleans Otherwise Satisfies Rule 23

According to 15 U.S.C. §§ 77z-1(a)(3)(B) and 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and

adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Constance Sczensy Trust v. KPMG LLP*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same). As detailed below, New Orleans satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### (a) New Orleans Fulfills the Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists "where the claims of the Lead Plaintiff arise form [sic] the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct." *Glauser*, 236 F.R.D at 188-89. However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *See Sczensy Trust*, 223 F.R.D. at 325.

New Orleans seeks to represent a class of purchasers of Teletech securities which have identical, non-competing and non-conflicting interests. New Orleans satisfies the typicality requirement because it: (1) purchased or acquired Teletech securities during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market. *See Glauser*, 236 F.R.D. at 189 (discussing typicality requirement). Thus, New Orleans' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

### (b) New Orleans Fulfills the Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." In order to meet the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. 2004). New Orleans' interests in this action are perfectly aligned with the interests of absent class members, and Labaton Sucharow, New Orleans' selected lead counsel, has decades of experience in effectively prosecuting securities class actions. Accordingly, the Court can be assured that New Orleans and its selected counsel will more than adequately protect the interests of absent class members.

### 4. New Orleans is the Prototypical Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the preliminary requirements of Rule 23, New Orleans is precisely the type of large, sophisticated institutional investor – the prototypical lead plaintiff – envisioned by the framers of the PSLRA. As noted by Congress in the Statement of Managers, the PSLRA was enacted "to increase the likelihood that institutional investors will serve as lead plaintiffs," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. Rep. No. 104-369, at 34 (1995) (Conf. Rep.). Indeed, New Orleans is a sophisticated institutional investor with vast resources to adequately litigate this action and supervise class counsel. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff); *see also Weiss,* 2006 WL 197036, at *1 (same).

### III. THE COURT SHOULD APPROVE NEW ORLEANS' CHOICE OF COUNSEL

Pursuant to 15 U.S.C §§ 77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. *See Id.* at *5. Labaton Sucharow LLP has had a leading role in numerous important actions on behalf of defrauded investors. Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time. *See* Labaton Sucharow Firm Resume, Ellman Decl. Ex. D; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"). Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group, HealthSouth, Countrywide, Amgen, and others. In *In re Monster Worldwide, Inc*. *Sec. Litig.*, No. 07-cv-2237 (S.D.N.Y. June 14, 2007), Judge Rakoff appointed Labaton Sucharow as lead counsel, stating that "the Labaton firm is very well known to [] courts for the excellence of its representation**.**" Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

Because there is nothing to suggest that New Orleans or its counsel will not fairly and adequately represent the Class, or that New Orleans is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the PSLRA – the Court should appoint New Orleans as lead plaintiff and approve its selection of Labaton Sucharow LLP to serve as lead counsel for the Class.

**CONCLUSION**

For the foregoing reasons, New Orleans respectfully requests that the Court: (1) consolidate the related actions; (2) appoint New Orleans as lead plaintiff; and (3) approve Labaton Sucharow LLP as Lead Counsel for the Class.

Dated: March 25, 2008                                      Respectfully submitted,

**LABATON SUCHAROW LLP**

By: */s/ Christopher J. Keller*
Christopher J. Keller (CK-2347)
Joseph A. Fonti (JF-3201)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for New Orleans and Proposed Lead Counsel for the Class*