UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DONALD BEASLEY, Individually and On Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:08-cv-00913-LTS |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| vs. | : | |
| TELETECH HOLDINGS, INC., et al., | : | |
| Defendants. | : | |
| WILLIAM BROWN, Individually and On Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:08-cv-01842-LTS |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| vs. | : | |
| TELETECH HOLDINGS, INC., et al., | : | |
| Defendants. | : | |

MEMORANDUM IN SUPPORT OF THE MOTION OF ELECTRICAL WORKERS LOCAL #357 PENSION AND HEALTH & WELFARE TRUSTS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

**I.    PRELIMINARY STATEMENT**

Presently pending before this Court are at least two-related securities class action lawsuits (the "Actions") brought on behalf of all purchasers of TeleTech Holdings, Inc. ("TeleTech" or the "Company") securities between February 8, 2007 and November 8, 2007, inclusive (the "Class Period"), including purchasers pursuant and/or traceable to the Company's March 30, 2007 Secondary Public Offering.  The Actions allege violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Electrical Workers Local #357 Pension and Health & Welfare Trusts ("Electrical Workers Local #357") hereby moves this Court for an Order to: (i) consolidate the Actions; (ii) appoint Electrical Workers Local #357 as Lead Plaintiff in the Actions under Section 27 of the Securities Act and Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Electrical Workers Local #357's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that Electrical Workers Local #357 is the most adequate plaintiff, as defined by the PSLRA.  Electrical Workers Local #357 is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs).  Moreover, as an institutional investor, Electrical Workers Local #357 is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

During the Class Period, Electrical Workers Local #357 incurred a substantial $50,244.91 loss on its transactions in TeleTech shares. *See* Alba Decl., Ex. B.[1] To the best of its knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, Electrical Workers Local #357, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND[2]

TeleTech, together with its subsidiaries, provides onshore, offshore, and work-from-home business process outsourcing services. Its services include the transfer of its clients' front and back office business processes to its delivery centers or work-from-home associates.

The Complaint charges TeleTech and certain of its officers and directors with violations of the Securities Act and the Exchange Act. More specifically, the Complaint alleges that defendants failed to disclose and misrepresented the following material adverse facts which were known to defendants or recklessly disregarded by them: (1) that the Company's financial statements were overstated; (2) that the Company improperly accounted for compensation expenses by backdating tens or hundreds of millions of dollars in options granted to executives between 1999 and 2007; (3) that the Company's financial statements were overstated because the Company under-reported its employment taxes and compensation expenses, as well as its reserves, over-reported its earnings and

---

[1] References to the "Alba Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr., dated March 25, 2008, and submitted herewith.

[2] These facts are drawn from the allegations in the complaint entitled *William Brown vs. TeleTech Holdings, Inc., et al.*, Civil Action No. 1:08-cv-01842-LTS.

gross margins, and failed to make the proper adjustments to operational and financial reports; (4) that the Company's financial statements were not prepared in accordance with Generally Accepted Accounting Principles; (5) that the Company lacked adequate internal and financial controls; and (6) that, as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

On March 30, 2007 the Company conducted its Secondary Public Offering. In connection with the Secondary Public Offering, the Company filed a Registration Statement and Prospectus (collectively referred to as the "Registration Statement") with the SEC. As part of the Secondary Public Offering, Defendant Kenneth Tuchman registered as much as 5.75 million shares of his privately owned TeleTech common stock at $36.50 per share. Upon the completion of the Secondary Public Offering, Defendant Tuchman profited handsomely to the tune of nearly $210 million.

Then, on November 8, 2007, TeleTech announced that it was reviewing its equity-based compensation practices and would likely have to restate its previously-issued financial statements. The Company stated that its financial statements for the periods 1999 through the second quarter of 2007 should no longer be relied upon. Upon this announcement, shares of the Company's stock declined $2.18 per share, or approximately 10%, to close at $20.43 per share, on heavy trading volume.

### III.     ARGUMENT

#### A.     The Actions Should Be Consolidated for All Purposes

The Actions assert class claims on behalf of TeleTech shareholders for alleged violations of the Securities Act and the Exchange Act. The Actions name similar defendants (*i.e.*, the officers and directors of TeleTech) and involve the same factual and legal issues. The Actions are each brought by shareholders of TeleTech during the relevant time period who were injured by defendants' fraud

that was perpetrated through the issuance of materially false and misleading statements. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42 (a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

  **B.**  **Electrical Workers Local #357 Should Be Appointed Lead Plaintiff**

    **1.**  **The Procedure Required by the PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the action entitled *Donald Beasley vs. TeleTech Holdings, Inc., et al.*, Civil Action No. 1:08-cv-00913-LTS, caused the first notice regarding the pendency of these Actions to be published on *Prime Newswire*, a national, business-oriented newswire service, on January 25, 2008. *See* Alba Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Electrical Workers Local #357 Satisfies the "Lead Plaintiff" Requirements of the Securities Act and the Exchange Act

#### a. Electrical Workers Local #357 Has Complied with the Securities Act and the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on March 25, 2008. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on January 25, 2008, Electrical Workers Local #357 timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Electrical Workers Local #357 has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class. *See* Alba Decl., Ex. C. In addition, Electrical Workers Local #357 has selected and retained competent counsel to represent itself and the class. *See* Alba Decl., Ex. D. Accordingly, Electrical Workers Local #357 has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

        **b.**      **Electrical Workers Local #357 Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Electrical Workers Local #357, as an institutional investor, is precisely the type of Lead Plaintiff Congress envisioned when it passed the PSLRA. *See id*.

        **c.**      **Electrical Workers Local #357 Has the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl., Ex. C, Electrical Workers Local #357 incurred a substantial $50,244.91 loss on its transactions in TeleTech shares. *See* Alba Decl., Ex. B. Electrical Workers Local #357 thus has a significant financial interest in this case. Therefore, Electrical Workers Local #357 satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in these Actions and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

        **d.**      **Electrical Workers Local #357 Otherwise Satisfies Rule 23**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the

requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). Electrical Workers Local #357 satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of

fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari,* 2004 U.S. Dist. LEXIS 13898, at *18.

Electrical Workers Local #357 satisfies this requirement because, just like all other class members, it: (1) purchased TeleTech shares during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, Electrical Workers Local #357's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Electrical Workers Local #357 to represent the class to the existence of any conflicts between the interest of Electrical Workers Local #357 and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, No. 02 MD 1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 24, 2004).

Here, Electrical Workers Local #357 is an adequate representative of the class. As evidenced by the injuries suffered by Electrical Workers Local #357 and the class, the interests of Electrical Workers Local #357 are clearly aligned with the members of the class, and there is no evidence of any antagonism between Electrical Workers Local #357's interests and those of the other members of the class. Further, Electrical Workers Local #357 has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Electrical Workers Local #357's proposed Lead Counsel

is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Electrical Workers Local #357 *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Electrical Workers Local #357's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Electrical Workers Local #357 has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Alba Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve Electrical Workers Local #357's selection of counsel.

### IV. CONCLUSION

For all the foregoing reasons, Electrical Workers Local #357 respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Electrical Workers Local #357 as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

- 9 -

DATED: March 25, 2008                    COUGHLIN STOIA GELLER
                                           RUDMAN & ROBBINS LLP


                                                   /s/ *Mario Alba Jr.*
                                            MARIO ALBA JR.

                                         SAMUEL H. RUDMAN
                                         DAVID A. ROSENFELD
                                         MARIO ALBA JR.
                                         58 South Service Road, Suite 200
                                         Melville, NY  11747
                                         Telephone:  631/367-7100
                                         631/367-1173 (fax)

                                         [Proposed] Lead Counsel for Plaintiffs


I:\Teletech\LP Motion\LP Memo.doc

- 10 -

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on March 25, 2008, I caused a true and correct copy of the attached:

> Notice Of Motion For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel;
>
> Memorandum In Support Of The Motion Of Electrical Workers Local #357 Pension And Health & Welfare Trusts For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel; and
>
> Declaration Of Mario Alba Jr. In Support Of The Motion Of Electrical Workers Local #357 Pension And Health & Welfare Trusts For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

/s/ *Mario Alba Jr.*
Mario Alba Jr.

TELETECH HOLDINGS

Service List - 3/20/2008    (08-0051)

Page 1 of 2

**Counsel For Defendant(s)**

Jonathan E. Richman
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY  10022
   212/909-6000
   212/909-6836 (Fax)

Geoffrey Hunter Coll
Dewey & LeBoeuf LLP
1101 New York Avenue, NW, Suite 1100
Washington, DC  20005-4213
   202/986-8000
   202/986-8120 (Fax)

Corinne Davina Levy
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY  10019-6092
   212/259-8000
   212/259-6333 (Fax)

Dennis P. Orr
Jamie A. Levitt
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY  10104-0050
   212/468-8000
   212/468-7900 (Fax)

Jay B. Kasner
Gary J. Hacker
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036
   212/735-3000
   212/735-2000 (Fax)

**Counsel For Plaintiff(s)**

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
   516/741-4977
   516/741-0626 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

TELETECH HOLDINGS

Service List - 3/20/2008   (08-0051)

Page 2 of 2

| | |
|---|---|
| Kim E. Miller | Lewis S. Kahn |
| Kahn Gauthier Swick, LLC | Kahn Gauthier Swick, LLC |
| 12 East 41st Street, 12th Floor | 650 Poydras Street, Suite 2150 |
| New York, NY  10017 | New Orleans, LA  70130 |
| 212/696-3730 | 504/455-1400 |
| 504/455-1498 (Fax) | 504/455-1498 (Fax) |

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
  610/667-7706
  610/667-7056 (Fax)