UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DONALD BEASLEY, Individually and On Behalf of All Others Similarly Situated, | : : : : | Civil Action No. 1:08-cv-00913-LTS <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | : : | |
| vs. | : : | |
| TELETECH HOLDINGS, INC., et al., | : : | |
| Defendants. | : : : | |
| WILLIAM BROWN, Individually and On Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:08-cv-01842-LTS <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | : : | |
| vs. | : : | |
| TELETECH HOLDINGS, INC., et al., | : : | |
| Defendants. | : : | |

MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF ELECTRICAL WORKERS LOCAL #357 PENSION AND HEALTH & WELFARE TRUSTS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS

Institutional Investor Electrical Workers Local #357 Pension and Health & Welfare Trusts ("Electrical Workers Local #357) respectfully submits this memorandum of law in further support of its motion for appointment as Lead Plaintiff and for approval of its selection of Lead Counsel and in opposition to the competing motions.

## I. PRELIMINARY STATEMENT

On March 25, 2008, three motions were filed in the above-captioned actions, each one seeking appointment of the respective movant as Lead Plaintiff and approval of each movant's selection of Lead Counsel. The movants were as follows: (1) Electrical Workers Local #357, an institutional investor; (2) New Orleans Employees' Retirement System ("New Orleans"), also an institutional investor;[1] and (3) Donald Beasley and Papraj Sudhakar ("Beasley and Sudhakar").[2]

All movants agree that the Private Securities Litigation Reform Act of 1995 (the "PSLRA") directs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of [the] class members" in this litigation. 15 U.S.C. §78u-4(a)(3)(B)(i). There is also no dispute that, pursuant to the PSLRA, the presumptively most adequate plaintiff is the one that (1) "has the largest financial interest in the relief sought by the class," and (2) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).

With a financial interest of $50,244.91, Electrical Workers Local #357 clearly has the largest financial interest in this litigation. In addition to having the largest financial interest, Electrical

---

[1] Counsel for New Orleans has advised us that it does not intend to file any opposition to the motions of Electrical Workers Local #357 or Beasley and Sudhakar.

[2] On April 15, 2008, Beasley and Sudhakar filed a notice of withdrawal of their motion. *See* Notice, No. 33 on Docket.

Workers Local #357 is also adequate and typical to represent the Class in this action because it is a sophisticated and experienced fiduciary and is exactly the type of investor that Congress desired to serve as Lead Plaintiff when it passed the PSLRA. As detailed herein, Electrical Workers Local #357 satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. As such, it is the presumptive Lead Plaintiff and its motion should be granted.

For these reasons, and as set forth below in further detail, it is respectfully submitted that the Court should grant the motion of Electrical Workers Local #357 in full, appoint it as Lead Plaintiff, approve of its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as Lead Counsel, and deny the competing motions.

## II.  ARGUMENT

### A.  The Procedures Required by the PSLRA for the Appointment of Lead Plaintiff

Section 21D of the PSLRA provides that in securities class actions, courts "shall appoint as lead plaintiff(s) the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members." 15 U.S.C. §78u-4(a)(3)(B)(i). In determining which class member is "the most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice ...
>
> (bb) in the determination of the court, has the *largest financial interest* in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). [Emphasis added.]

As set forth herein, Electrical Workers Local #357 is the presumptive Lead Plaintiff and none of the other movants can offer any type of proof to rebut that presumption. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (stating that "proof" is required to rebut the presumption afforded to the presumptive lead plaintiff).

### 1. Electrical Workers Local #357 Has the Largest Financial Interest in This Litigation

The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the person or entity with the largest financial interest in the relief sought. While the PSLRA does not specify how to decide which plaintiff has the "largest financial interest" in the relief sought, it is often determined most simply by which potential lead plaintiff has suffered the greatest total losses. *See In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005) (Scheindlin, J.). As can be seen from the following chart, Electrical Workers Local #357 has the largest financial interest in this litigation:

| Movant | Claimed Loss |
|---|---|
| Electrical Workers Local #357 | **$50,244.91** |
| New Orleans | $42,617.53 |
| ~~Beasley and Sudhakar~~ | ~~$36,006.93~~ (withdrawn) |

As the movant with the largest financial interest, Electrical Workers Local #357 is the presumptive lead plaintiff.

### 2. Electrical Workers Local #357 Satisfies the Requirements of Rule 23

Under the PSLRA, once a court finds that a movant has the largest financial interest in the litigation and is otherwise adequate and typical, as is the case with Electrical Workers Local #357 here, the court must appoint that plaintiff as Lead Plaintiff unless the court finds that the movant has not made a *prima facie* showing of adequacy and typicality. *See Ferrari v. Impath, Inc.*, No. 03 Civ.

5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *17 (S.D.N.Y. July 15, 2004) (Batts, J.) ("At this stage in the litigation, one need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied."); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). In this regard, the court in *Cavanaugh* stated:

> [A] straightforward application of the statutory scheme, as outlined above, provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and [should] be limited to determining whether he satisfies the other statutory requirements.

306 F.3d at 732.

Electrical Workers Local #357 satisfies the typicality and adequacy requirements of Rule 23. Electrical Workers Local #357's claims are typical of the claims of the rest of the Class because, just like all other Class members, it purchased TeleTech shares during the Class Period in reliance upon the allegedly materially false and misleading statements issued by defendants, and suffered damages thereby. Thus, Electrical Workers Local #357's claims are typical of those of other Class members since its claims and the claims of other Class members arise out of the same course of events. *See Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347-48, (S.D.N.Y. 2002) (Swain, J.) (appointing a lead plaintiff whose claims were typical of the class because "its claims and injuries allegedly arise from the same course of conduct as that from which claims of the other class members arise").

Electrical Workers Local #357 is also an adequate representative of the Class. As evidenced by the injuries suffered by Electrical Workers Local #357, who purchased TeleTech common stock at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Electrical Workers Local #357 are clearly aligned with the interests of the members of

the Class, and there is no evidence of any antagonism between Electrical Workers Local #357's interests and those of the other members of the Class.

Additionally, Electrical Workers Local #357 is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *10 (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, Electrical Workers Local #357 is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the Class.

In fact, Congress, in passing the PSLRA, expressed a strong preference for plaintiffs, such as Electrical Workers Local #357, to be appointed lead plaintiff. The legislative history of the PSLRA demonstrates this clear Congressional intent:

> The Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiffs. . . . The Conference Committee believes that . . . with pension funds accounting for $4.5 trillion or nearly half of the institutional assets [of the equity market] . . . institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

House Conf. Rep. No. 104-369, 104th Cong. 1st Sess. at 34 (1995); *In re Adelphia Commc'ns. Corp. Sec. & Derivative Litig.*, No. 03 MD 1529 (LMM), 2005 U.S. Dist. LEXIS 19052, at *4-*6 (S.D.N.Y. Sept. 1, 2005) (McKenna, J.). In keeping with that Congressional intent, courts in this Circuit and in other courts across the country routinely appoint pension and retirement funds as lead plaintiffs pursuant to the PSLRA. *See Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184 (S.D.N.Y. 2006) (McMahon, J.) (appointing an institution as lead plaintiff); *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332 (S.D.N.Y. 2005) (same).

Further, Electrical Workers Local #357 has taken significant steps which demonstrate that it will protect the interests of the Class: it has retained highly qualified and experienced counsel to

prosecute these claims. In that regard, Electrical Workers Local #357 has selected the law firm of Coughlin Stoia as Lead Counsel. Coughlin Stoia has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. Thus, Electrical Workers Local #357 *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

Accordingly, Electrical Workers Local #357 should be appointed as Lead Plaintiff because its losses are larger than any other Lead Plaintiff movant, and it is otherwise adequate and typical for the purposes of this motion.

### III. CONCLUSION

For all the reasons stated herein, Electrical Workers Local #357's motion for appointment as Lead Plaintiff and for approval of its selection of Lead Counsel should be granted and the competing motions should be denied.

DATED: April 15, 2008    COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

   /s/ *David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on April 15, 2008, I caused a true and correct copy of the attached:

Memorandum In Further Support Of The Motion Of Electrical Workers Local #357 Pension And Health & Welfare Trusts For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel And In Opposition To the Competing Motions

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

      /s/ *David A. Rosenfeld*
      David A. Rosenfeld

TELETECH HOLDINGS

Service List - 4/15/2008    (08-0051)

Page 1 of 2

**Counsel For Defendant(s)**

Jonathan E. Richman
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY  10022
   212/909-6000
   212/909-6836 (Fax)

Geoffrey Hunter Coll
Dewey & LeBoeuf LLP
1101 New York Avenue, NW, Suite 1100
Washington, DC  20005-4213
   202/986-8000
   202/986-8120 (Fax)

Corinne Davina Levy
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY  10019-6092
   212/259-8000
   212/259-6333 (Fax)

Dennis P. Orr
Jamie A. Levitt
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY  10104-0050
   212/468-8000
   212/468-7900 (Fax)

Jay B. Kasner
Gary J. Hacker
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036
   212/735-3000
   212/735-2000 (Fax)

**Counsel For Plaintiff(s)**

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
   516/741-4977
   516/741-0626 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

TELETECH HOLDINGS

Service List - 4/15/2008   (08-0051)

Page 2 of 2

Kim E. Miller
Kahn Gauthier Swick, LLC
12 East 41st Street, 12th Floor
New York, NY 10017
  212/696-3730
  504/455-1498 (Fax)

Lewis S. Kahn
Kahn Gauthier Swick, LLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130
  504/455-1400
  504/455-1498 (Fax)

Christopher J. Keller
Andrei V. Rado
Labaton Sucharow LLP
140 Broadway, 34th Floor
New York, NY 10005
  212/907-0700
  212/818-0477 (Fax)

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087
  610/667-7706
  610/667-7056 (Fax)