

RECEIVED
DEC 15 2009

UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF NEW YORK
LAURA TAYLOR SWAIN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2 2 JAN 2010

———————————————————————————— X

in re TELETECH LITIGATION                 :    Master File No. 1:08-cv-00913-LTS

———————————————————————————— :    CLASS ACTION

This Document Relates To:                 :

    ALL ACTIONS.                              :

———————————————————————————— X

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

WHEREAS, a consolidated action is pending before this Court styled *In re TeleTech Litigation*, Master File No. 1:08-cv-00913-LTS (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated October 21, 2009 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; in l

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.      A hearing (the "Final Approval Hearing") shall be held before this Court on ~~for June 11~~, 2010, at **2** p.m., to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.9 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine any amount of fees and expenses that should be awarded to Lead Plaintiff's counsel. The Court may adjourn the Final Approval Hearing without further notice to members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the Stipulation and effectuating the Settlement, a Class of all Persons

- 1 -

who purchased or otherwise acquired TeleTech common stock between October 25, 2006 and July 16, 2008, inclusive, including (i) those who purchased TeleTech stock on the NASDAQ or other public exchange; (ii) those who purchased TeleTech common stock in connection with the Company's March 30, 2007 Secondary Public Offering; and (iii) those who owned TeleTech common stock in 2007 at the time TeleTech's 2007 Proxy Statement was circulated to shareholders to solicit their votes on various matters. Excluded from the Class are Defendants, the officers and directors of TeleTech during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

4.    Solely for purposes of the Stipulation and the Settlement, the Court preliminarily finds that (a) the members of the Class are so numerous that joinder of all Class Members in the litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

- 2 -

5.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC, 3301 Kerner Boulevard, San Rafael, CA 94901 ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Not later than five (5) business days after the entry of this Order, TeleTech shall, at its own expense, provide to the Claims Administrator, in an electronic format acceptable to the Claims Administrator, TeleTech's transfer records for the Class Period;

(b)      Not later than **February 5** 2010 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(c)      Not later than **February 26** 2010, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily*; and

(d)      Not later than **May 21** 2010, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6.      Nominees who purchased or otherwise acquired TeleTech common stock for the benefit of another Person during the period October 25, 2006 to July 16, 2008, inclusive, shall be requested to send the Notice and Proof of Claim and Release to all such beneficial owners of TeleTech common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

- 3 -

7.     Other than the cost of providing TeleTech's transfer records to the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

8.     All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

9.     Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

10.     Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

11.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for

exclusion ("Request for Exclusion"), postmarked no later than **May 28**, 2010. A Request for exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases or acquisitions of TeleTech common stock during the Class Period, including the dates, the number of shares of TeleTech stock purchased or acquired, and price paid for each such purchase or acquisition; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

12.     Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event within ten (10) days prior to the Final Approval Hearing.

13.     Any member of the Class may appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiff; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to counsel for Lead Plaintiff, unless written objections and copies of any papers and briefs are received by Ellen Gusikoff Stewart, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway. Suite 1900, San Diego, CA 92101; Geoffrey H. Coll. Dewey & LeBoeuf LLP. 1101 New York Avenue, NW, Suite 1100, Washington, DC 20005; Timothy R. Beyer, Brownstein Hyatt Farber Schreck, LLP, 410 Seventeenth Street, Suite 2200.

Denver, CO 80202-4437; Dennis P. Orr, Morrison & Foerster, LLP, 1290 Avenue of the Americas, New York, NY 10104-0050; and Jay B. Kasner, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036-6522, on or before May 28, 2010; and said objections. papers. and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, on or before May 28, 2010. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Plaintiff's counsel, unless otherwise ordered by the Court.

14. All funds held by the Escrow Agent(s) shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15. All papers in support of the Settlement, Plan of Allocation, and any application by counsel for Lead Plaintiff for attorneys' fees and expenses shall be filed and served no later than twenty-one (21) calendar days prior to the Final Approval Hearing and any reply papers shall be filed and served seven (7) calendar days prior to the Final Approval Hearing.

16. Neither Defendants nor their Related Parties shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiff's counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Plaintiff's counsel, and any application for attorneys' fees and expenses should be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.6 or ¶2.7 of the Stipulation.

19. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any other Released Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

20. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: January 22, 2010

THE HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- --------------------------------------- x
In re TELETECH LITIGATION              :    Master File No. 1:08-cv-00913-LTS
                                       :
    ------------------------------     :    CLASS ACTION
                                       :
This Document Relates To:              :
                                       :
    ALL ACTIONS.                       :
- --------------------------------------- x
```

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

**If you purchased or acquired shares of TeleTech Holdings, Inc. ("TeleTech" or the "Company") common stock during the period October 25, 2006 through July 16, 2008, inclusive (the "Class Period") then you could get a payment from a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer. Your legal rights are affected whether you act or do not act. Read this Notice carefully.*

• The Settlement will provide an $11 million settlement fund for the benefit of investors who purchased or acquired shares of TeleTech common stock during the Class Period.

• The proposed Settlement resolves class action litigation (the "Litigation") over whether TeleTech allegedly made certain public misrepresentations and/or omissions in its public statements during the Class Period in violation of the federal securities laws.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM BY _____, 2010 | The only way to receive a payment. |
| EXCLUDE YOURSELF BY _____, 2010 | Receive no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants and the other Released Persons about the Released Claims.[1] |
| OBJECT BY _____, 2010 | Write to the Court about why you do not like the Settlement. |
| GO TO A HEARING ON _____, 2010 | Ask to speak in Court about the Settlement. |
| DO NOTHING | Receive no payment. Give up your rights. |

• These rights and options - **and the deadlines to exercise them** - are explained in this Notice.

---

[1] These terms are defined on pages __ hereof.

- 1 -

• The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

• This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations or the merits of the claims or defenses asserted in this case.

## SUMMARY OF NOTICE

### A. Statement of Plaintiff Recovery

Pursuant to the Settlement described herein, a Settlement Fund consisting of $11 million in cash, plus interest, has been established. Lead Plaintiff estimates that the average recovery per damaged share of TeleTech common stock under the Settlement is approximately $0.20 before deduction of Court-awarded attorneys' fees and expenses. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Class Members who submit acceptable Proof of Claim and Release forms ("Proofs of Claim"). Depending on the number of claims submitted, an individual Class Member may receive more or less than this average amount. *See* the Plan of Allocation beginning on page [___] for more information on your recognized claim.

### B. Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff was to have prevailed on each claim alleged. The issues on which the parties disagree include (1) whether the statements made or facts allegedly omitted were material, false, misleading, or otherwise actionable under the federal securities laws; (2) the appropriate economic model for determining the amount by which the price of TeleTech common stock was allegedly artificially inflated (if at all) as a result of any alleged

- 2 -

misstatements and/or omissions in the Company's public statements; (3) the amount by which the price of TeleTech common stock was allegedly artificially inflated (if at all), as a result of the alleged misstatements and/or omissions in the Company's public statements; (4) the effect of various market forces influencing the trading price of TeleTech common stock at various times during the Class Period; (5) the extent to which external factors, such as general market and industry conditions, influenced the trading price of TeleTech common stock at various times during the Class Period; (6) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of TeleTech common stock at various times during the Class Period; and (7) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the trading price of TeleTech common stock at various times during the Class Period. Defendants deny that they are liable to Lead Plaintiff or the Class and deny that Lead Plaintiff or the Class have suffered any legally cognizable damages.

### C. Statement of Attorneys' Fees and Expenses Sought

Lead Plaintiff's counsel will move the Court to award attorneys' fees not to exceed 30% of the Settlement Fund, plus expenses incurred in connection with the prosecution of this Litigation not to exceed $125,000, plus interest on both amounts. The requested fees and expenses would amount to an average of approximately $0.06 per damaged share in total for fees and expenses. Lead Plaintiff's counsel state that they have expended considerable time and effort in the prosecution of this Litigation on a contingent fee basis, and have advanced the expenses of the Litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

## D. Further Information

Further information regarding the Litigation and this Notice may be obtained by contacting Lead Plaintiff's counsel: Ellen Gusikoff Stewart, Esq., Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone (619) 231-1058.

## E. Reasons for the Settlement

For Lead Plaintiff, the principal reason for the Settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future. Lead Plaintiff believes that the proposed Settlement is a very good recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on any of their claims, in which case the Class would receive nothing. The claims advanced by the Class involve complex legal, financial, and technical issues, requiring extensive expert testimony, which would add considerably to the expense and duration of the litigation. Even after extensive investigation, questions remain regarding the extent of Defendants' liability, if any; the extent to which a jury might find them liable; and the true measure of the Class's damages. The amount of damages recoverable by the Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law. Had the Litigation gone to trial, Defendants would have asserted, *inter alia*, that any losses to the Class were caused by non-actionable market factors, that Defendants' public statements were not materially false or misleading, and that they adequately disclosed any uncertainties and risks associated with the purchase of TeleTech common stock during the Class Period.

For Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reason for the Settlement is to eliminate the expense, risks, and uncertain outcome of the Litigation.

- 4 -

## BASIC INFORMATION

### 1. Why did I get this notice package?

You or someone in your family may have purchased or acquired shares of TeleTech common stock during the period October 25, 2006 through July 16, 2008, inclusive.

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed Settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is captioned as *In re TeleTech Litigation*, Master File No. 1:08-cv-00913-LTS. This case was assigned to United States District Judge Laura Taylor Swain. The pension fund which sued is called the Lead Plaintiff, and the persons and companies it sued, TeleTech, Kenneth D. Tuchman, John R. Troka, James E. Barlett, Ruth C. Lipper, William A. Linnenbringer, Shrikant Mehta, and Shirley Young (collectively, the "TeleTech Defendants"), Citigroup Global Markets, Inc. and Morgan Stanley & Co. Inc. (the "Underwriter Defendants"), and Ernst & Young LLP, are called Defendants.

### 2. What is this lawsuit about?

TeleTech describes itself as a business process outsourcing company. Lead Plaintiff alleges that Defendants engaged in a stock options backdating scheme that violated the Company's publicly disclosed stock option policies, as well as its internal controls and Generally Accepted Accounting

- 5 -

Principles, resulting in a restatement during the Class Period of nearly two years of the Company's financial results, and a disclosure that TeleTech's previously reported pre-tax earnings were overstated in each and every period prior to 2005 by more than $67.5 million since the Company went public in August of 1996. Lead Plaintiff also alleged that Defendants' misrepresentations concerning TeleTech's business and financial success caused the Company's stock to trade at artificially inflated levels and enabled Defendants to successfully pursue and complete the Company's March 30, 2007 Secondary Public Offering.

On November 8, 2007, Defendants announced that the Company would not achieve its previously announced earnings and revenue guidance, and that the Company was conducting a "review of equity-based compensation practices and likely restatement of previous issued financial statements" would be required.

On July 16, 2008, TeleTech filed its December 31, 2007 Form 10-K with the Securities and Exchange Commission ("SEC"). The Form 10-K included the Company's restated financial statements for the periods ended December 31, 2005 and 2006. In addition, the Form 10-K revealed that TeleTech's previously reported pre-tax earnings were overstated in each and every period prior to 2005 by more than $67.5 million since the Company went public in August 1996. The Form 10-K also explained that on 945 separate occasions, stock options given to employees, and others, had been backdated requiring "changes to the original grant measurement date" and recognition of appropriate compensation expenses.

In and after January 2008, two securities class action complaints were filed in the United States District Court for the Southern District of New York (the "Court") on behalf of purchasers and acquirers of TeleTech common stock during defined periods of time, alleging violations of the Securities Act of 1933 and the Securities Exchange Act of 1934.

- 6 -

On September 2, 2008, Lead Plaintiff filed a consolidated complaint (the "Complaint") against Defendants.

### 3.   Why is this a class action?

In a class action, one or more people called class representatives (in this case, Lead Plaintiff Electrical Workers Local No. 357 Pension and Health & Welfare Trusts) sue on behalf of individuals and entities who have similar claims. All of these individuals and entities are referred to collectively as a class, or individually as class members. Bringing a case, such as this one, as a putative class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions. One court resolves the issues for all class members, except for those who exclude themselves from the class.

### 4.   Why is there a settlement?

On December 9, 2008, the parties attended an all-day mediation before the Honorable Daniel Weinstein (Ret.), a retired California Superior Court judge. At that mediation, the parties discussed their respective positions. While no agreement was reached, the parties continued their negotiations, and an agreement to resolve the Litigation, subject to Lead Plaintiff's counsel's satisfactory completion of agreed-upon discovery, was ultimately reached on the terms set forth in the Stipulation.

The Court did not finally decide in favor of Lead Plaintiff or Defendants. Instead, both sides, with the assistance of Judge Weinstein, agreed to a settlement. That way, they avoid the risks and cost of a trial, and the people allegedly affected will get compensation. Lead Plaintiff and its attorneys think the Settlement is best for the Class.

Lead Plaintiff's counsel, on behalf of Lead Plaintiff, have conducted an investigation relating to the claims and the underlying events and transactions alleged in the Complaint. Lead Plaintiff's

- 7 -

counsel's investigation included (i) review of TeleTech's filings with the SEC, other regulatory filings and reports, securities analysts' reports and advisories about TeleTech, press releases, and other public statements issued by TeleTech; (ii) review of media reports about TeleTech; and (iii) analysis of documents produced by Defendants.

Lead Plaintiff believes that the claims asserted in the Litigation have merit. However, Lead Plaintiff and Lead Plaintiff's counsel recognize the expense, length, and complexity of continued proceedings necessary to prosecute the Litigation against Defendants through trial and appeal. Lead Plaintiff and Lead Plaintiff's counsel also have taken into account the uncertain outcome and the risk of litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff's counsel also are mindful of the inherent problems of proof of, and possible defenses to, the allegations and claims asserted in the Litigation.

Defendants have denied and continue to deny all allegations of any wrongdoing or liability against them whatsoever arising out of any of the conduct, statements, acts, or omissions alleged in the Litigation. Defendants also have denied and continue to deny, *inter alia*, the allegations that they committed any wrongdoing, that they made any material misrepresentations or omissions, that the price of TeleTech common stock was artificially inflated, that Lead Plaintiff or the Class, as defined below, have suffered any damages, or that Lead Plaintiff or the Class were harmed by any conduct alleged in the Litigation or that could have been alleged therein.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted, time-consuming, expensive, and distracting, and that it is desirable that the Litigation be fully and finally settled. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. The Defendants have, therefore,

determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions of the Settlement.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

### 5. How do I know if I am part of the Settlement?

The Court directed, solely for the purposes of the proposed Settlement, that everyone who fits this description is a Class Member: *all persons and entities who purchased or acquired shares of TeleTech common stock during the period October 25, 2006 through July 16, 2008, inclusive, including (i) those who purchased TeleTech stock on the NASDAQ or other public exchanges; (ii) those who purchased TeleTech common stock in connection with the Company's March 30, 2007 Secondary Public Offering; and (iii) those who owned TeleTech common stock in 2007 at the time TeleTech's 2007 Proxy Statement was circulated to shareholders to solicit their vote on various matters.*

### 6. Are there exceptions to being included?

Excluded from the Class are Defendants, the officers and directors of TeleTech during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are any putative Class Members who timely and validly exclude themselves from the Class in accordance with the requirements set forth in this Notice.

If one of your mutual funds purchased or acquired shares of TeleTech common stock during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you directly purchased or acquired shares of TeleTech common stock during the Class Period.

- 9 -

Check your investment records or contact your broker to see if you purchased or acquired TeleTech common stock during the Class Period.

### 7.     What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help.  You can call 1-500- ___- ___ ___ or visit [www._____.com] for more information.  Or you can fill out or return the Proof of Claim described on page [___], in Question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

### 8.     What does the Settlement provide?

In exchange for the Settlement and dismissal of the Litigation, Defendants have agreed to create an $11 million cash fund to be divided, after Court-awarded fees and expenses, among all Class Members who send in valid Proofs of Claim.

A portion of the Settlement Fund will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted.  In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Lead Plaintiff's counsel as attorneys' fees and expenses.  The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to Class Members who submit a valid and timely Proof of Claim.

### 9.     How much will my payment be?

Your share of the fund will depend on the total recognized claims represented by the valid Proofs of Claim that Class Members send in, how many shares of TeleTech common stock you purchased or acquired during the Class Period, how much you paid for your shares, and when you

purchased or acquired and whether or when you sold them, and if so for how much you sold your shares.

You can calculate your recognized claim in accordance with the formula shown below in the Plan of Allocation. It is unlikely that you will get a payment for all of your recognized claim. After all Class Members have sent in their Proofs of Claim, the payment you receive will be a part of the Net Settlement Fund equal to your recognized claim divided by the total of everyone's recognized claims. See the Plan of Allocation beginning on page [____] for more information on your recognized claim.

## HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM

### 10.    How can I get a payment?

To qualify for a payment, you must send in a Proof of Claim. A Proof of Claim is being circulated with this Notice. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, 2010.

### 11.    When would I get my payment?

The Court will hold a hearing (the "Settlement Hearing") on _____, 2010, to decide whether to approve the Settlement. If the Court approves the Settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

- 11 -

## 12. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that, upon the Effective Date, you will release all "Released Claims" (as defined below) against the "Released Persons" (as defined below).

"Released Claims" means, upon the Effective Date, the following claims will be released with respect to the Released Persons: (i) all rights, demands, claims (including "Unknown Claims" as defined in ¶ 1.26 of the Stipulation), and causes of action of every nature and description, in law or equity, accrued or unaccrued, and whether known or unknown, and whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any member of the Class asserted, or could have asserted in any forum, arising out of, or relating to, directly or indirectly, the purchase or acquisition of TeleTech common stock during the Class Period, and the facts, matters, allegations, transactions, events, disclosures, statements, acts, or omissions which were alleged or that could have been alleged in the Complaint; and (ii) all rights, demands, claims (including "Unknown Claims" as defined in ¶ 1.26 of the Stipulation), and causes of action of every nature and description, in law or equity, accrued or unaccrued, and whether known or unknown, and whether arising under federal, state, common, or foreign law, that any Defendant asserted, or could have asserted in any forum, against any other Defendant arising out of, or relating to, directly or indirectly, the purchase or acquisition of TeleTech common stock during the Class Period, including, without limitation, the facts, matters, allegations, transactions, events, disclosures, statements, acts, or omissions which are alleged or that could have been alleged in the Complaint.

"Released Persons" means, each and all of the Defendants, their respective immediate family members, heirs, executors, administrators, successors, assigns, present and former employees, officers, directors, managing directors, partners, attorneys, assigns, legal representatives,

- 12 -

accountants, insurers, reinsurers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Defendant and any entity in which any Defendant has or had a controlling interest and their present, former and future parents, limited partners, subsidiaries, divisions, affiliates, predecessors, and successors, and their respective employees, officers, directors, managing directors, partners, attorneys, assigns, legal representatives, accountants, insurers, reinsurers, underwriters, and agents.

The Effective Date will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants and the other Released Persons, on your own, about the Released Claims, then you must take steps to get out. This is called excluding yourself – or is sometimes referred to as "opting out" of the class. Defendants may withdraw from and terminate the Settlement if putative Class Members who purchased or acquired in excess of a certain amount of shares of TeleTech common stock during the Class Period exclude themselves from the Class.

### 13.    How do I get out of the proposed Settlement?

To exclude yourself from the Class, you must send a signed letter by mail stating that you "request exclusion from the Class in *In re TeleTech Litigation*, Master File No. 1:08-cv-00913-PTS." Your letter must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases or acquisitions of TeleTech common stock during the Class Period, including the dates, the number of shares of TeleTech stock purchased or

- 13 -

acquired, and price paid for each such purchase or acquisition; and (c) that you wish to be excluded from the Class. You must mail your exclusion request postmarked no later than _____, 2010 to:

> TeleTech Litigation Settlement
> EXCLUSIONS
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box _____

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) Defendants and the other Released Persons in the future.

14.    **If I do not exclude myself, can I sue Defendants and the other Released Persons for the same thing later?**

No. Unless you exclude yourself, you give up any rights to sue Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is _____ _____, 2010.

15.    **If I exclude myself, can I get money from the proposed Settlement?**

No. If you exclude yourself, do not send in a Proof of Claim to ask for any money. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING THE CLASS

16.    **Do I have a lawyer in this case?**

- 14 -

The Court ordered that the law firm of Coughlin Stoia Geller Rudman & Robbins LLP will represent the Class. These lawyers are called Lead Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Lead Plaintiff's counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

Lead Plaintiff's counsel are moving the Court to award attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund plus expenses not to exceed $125,000, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.

Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 18. How do I tell the Court that I do not like the proposed Settlement?

If you are a Class Member you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the application by Lead Plaintiff's counsel for an award of fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements. The Court will consider your views if you file a proper objection within the deadline identified and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed Settlement in *In re TeleTech Litigation*, Master File No. 1:08-cv-00913-LTS. Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares

- 15 -

of Uetie Tech common stock you purchased or acquired during the Class Period, and any sales during

the Class Period, and state the reasons why you object to the Settlement. Your objection must be

filed with the Court and served on all the following counsel on or before _____, 2010:

| COURT | LEAD PLAINTIFF'S COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Southern District of New York<br>500 Pearl Street<br>New York, NY 10117 | Ellen Gusikoff Stewart<br>Coughlin Stoia Geller<br>  Rudman & Robbins LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101 | Geoffrey H. Coll<br>Dewey & LeBoeuf LLP<br>1101 New York Avenue<br>NW, Suite 1100<br>Washington, DC 20005<br><br>Timothy R. Beyer<br>Brownstein Hyatt Farber<br>  Schreck, LLP<br>410 Seventeenth Street<br>Suite 2200<br>Denver, CO 80202-4437<br><br>Dennis P. Orr<br>Morrison & Foerster, LLP<br>1290 Avenue of the<br>Americas<br>New York, NY 10104-0050<br><br>Jay B. Kasner<br>Skadden, Arps, Slate,<br>  Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036-6522 |

You do not need to attend the Settlement Hearing to have your written objection considered

by the Court. At the Settlement Hearing, any Class Member who has not previously submitted a

request for exclusion from the Class and who has complied with the procedures set out in this

Question 18 and Question 22 below for filing with the Court and providing to the counsel for Lead

Plaintiff and Defendants a statement of an intention to appear at the Settlement Hearing may also

appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the

Plan of Allocation, or Lead Plaintiff's counsel's motion for an award of attorneys' fees and

- 16 -

expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Settlement Hearing.

**19.    What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

**20.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold the Settlement Hearing at ___:_____ ___.m., on _____, 2019, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10117. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. At the Settlement Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Lead Plaintiff's counsel for attorneys' fees and expenses. The Court will take into consideration any written objections filed in accordance with the instructions at Question 18. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* Question 22 for more information about speaking at the hearing. The Court may also decide how much to pay to Lead

Plaintiff's counsel. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing. Thus, if you want to come to the hearing, you should check with Lead Plaintiff's counsel before coming to be sure that the date and/or time has not changed.

### 21. Do I have to come to the hearing?

No. Lead Plaintiff's counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

### 22. May I speak at the hearing?

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* Question 18 above) a statement stating that it is your "Notice of Intention to Appear in *In re TeleTech Litigation*, Master File No. 1:08-cv-00913-LTS." Persons who intend to object to the Settlement, the Plan of Allocation, and/or Lead Plaintiff's counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Unless otherwise ordered by the Court, you cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Hearing by the deadline identified, and in accordance with the procedures described in this Question 22 and Question 18 above.

- 18 -

## IF YOU DO NOTHING

### 23.    What happens if I do nothing at all?

If you do nothing, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Persons about the Released Claims in this case, ever again. To share in the Net Settlement Fund, you must submit a Proof of Claim (*see* Question 10). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Persons about the Released Claims in this case you must exclude yourself from this Class (*see* Question 13).

## GETTING MORE INFORMATION

### 24.    Are there more details about the proposed Settlement?

This Notice summarizes the proposed Settlement. More details are contained in a Stipulation of Settlement dated October 21, 2009 (the "Stipulation"). You can get a copy of the Stipulation by writing to Lead Plaintiff's counsel.

You also can call the Claims Administrator at 1-800-____-_____ toll free; write to *TeleTech Litigation Settlement*, Claims Administrator, c/o Gilardi & Co LLC, P.O. Box 0000, City, ST 00000-0000; or visit the website at [www._____.com], where you will find answers to common questions about the Settlement, a Proof of Claim, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

### 25.    How do I get more information?

For even more detailed information concerning the matters involved in this Litigation, you may refer to the pleadings, to the Stipulation, to the Orders entered by the Court, and to the other papers filed in the Litigation, which may be inspected at the Office of the Clerk of the United States

District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10117, during regular business hours.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The $11,000,000 cash settlement amount and the interest earned thereon shall be the settlement Fund. The Settlement Fund, less all taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "recognized claim." The recognized claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The recognized claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Plaintiff's counsel have consulted with their damages consultant to determine a fair and equitable formula for distribution of the Net Settlement Fund. Please note that the Plan of

- 20 -

Allocation does not reflect an assessment of the damages that they believe could have been

recovered had Lead Plaintiff prevailed at trial.

An Authorized Claimant's "recognized claim" shall mean:

## Section 11 Claims in connection with the March 2007 Public Offering

| | |
|---|---|
| Public Offering Price: | $36.50 per share |
| Closing Price on the date the lawsuit was filed[2] : | $20.45 per share |

For shares of TeleTech acquired *pursuant to, and traceable to, the Company's offering prospectus dated March 30, 2007,* and

a) sold prior to January 25, 2008, the claim per share is the lesser of (i) the Purchase Price per share less the Sales Price per share, or (ii) $36.50 less the Sales Price per share.

b) retained at the end of, or, sold on or after January 25, 2008, the claim per share is the lesser of (i) the Purchase Price per share less the Sales Price per share, or (ii) $36.50 less $20.45.

## Section 10(b) Claims for Common Stock
Class Period: October 25, 2006 through July 16, 2008

The allocation below is based on the following price declines as well as the statutory PSLRA 90-day look back amount of $14.16:

| | |
|---|---|
| November 9, 2007 Price Decline: | $2.18 |
| July 17, 2008 Price Decline: | $4.63 |

1. For shares of TeleTech common stock *purchased or acquired, on or between October 25, 2006 through November 8, 2007*, the claim per share shall be as follows:

a) If sold prior to November 9, 2007, the claim per share is $0.

b) If sold on November 9, 2007 through July 16, 2008, the claim per share shall be the lesser of (i) $2.18 (November 9, 2007 Price Decline), or (ii) the difference between the purchase price and the selling price.

c) If retained at the end of July 16, 2008, and sold before October 14, 2008, the claim per share shall be the lesser of (i) $6.81 (November 9, 2007 & July 17, 2008

---

Relevant Class Action Complaint with Section 11 claims filed on January 25, 2008.

- 21 -

Price Declines), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

d) If retained, or sold, on or after October 14, 2008, the claim per share shall be the lesser of (i) $6.81 (November 9, 2007 & July 17, 2008 Price Declines), or (ii) the difference between the purchase price per share and $14.16 per share.

2. For shares of TeleTech common stock *purchased or acquired, on November 9, 2007 through July 16, 2008*, the claim per share shall be as follows:

a) If sold prior to July 17, 2008, the claim per share is $0.

b) If retained at the end of July 16, 2008, and sold before October 14, 2008, the claim per share shall be the lesser of (i) $4.63 (July 17, 2008 Price Decline), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

c) If retained, or sold, on or after October 14, 2008, the claim per share shall be the lesser of (i) $4.63 (July 17, 2008 Price Decline), or (ii) the difference between the purchase price per share and $14.16 per share.

## CALL OPTIONS

Class Period: October 25. 2006 through July 16, 2008

1. For call options on TeleTech common stock *purchased from October 25, 2006 through July 16, 2008*, and

a) *held* at the end of November 8, 2007 and/or July 16, 2008, the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract;

b) *not held* at the end of November 8, 2007 and/or July 16, 2008, the claim per call option is $0.

2. For call options on TeleTech common stock *written from October 25, 2006 through July 16, 2008*, the claim per call option is $0.

## PUT OPTIONS

Class Period: October 25, 2006 through July 16, 2008

1. For put options on TeleTech common stock *written from October 25, 2006 through July 16, 2008*, and

- 22 -

a) *held* at the end of November 8, 2007 and/or July 16, 2008, the claim per put option is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract;

b) *not held* at the end of November 8, 2007 and/or July 16, 2008, the claim per put option is $0.

2. For put options on TeleTech common stock *purchased from October 25, 2006 through July 16, 2008,* the claim per put option is $0.

Note: In the case the option was exercised for TeleTech common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using TeleTech common stock's closing price on the date the option was exercised.

Note: The combined recovery for the put/call options shall not exceed 3% of the Net Settlement Fund.

| Date | Closing Price | Average Closing Price |
|------|---------------|-----------------------|
| 7/17/2008 | $13.27 | $13.27 |
| 7/18/2008 | $13.32 | $13.30 |
| 7/21/2008 | $13.09 | $13.23 |
| 7/22/2008 | $13.83 | $13.38 |
| 7/23/2008 | $13.40 | $13.38 |
| 7/24/2008 | $12.87 | $13.30 |
| 7/25/2008 | $13.10 | $13.27 |
| 7/28/2008 | $12.66 | $13.19 |
| 7/29/2008 | $12.98 | $13.17 |
| 7/30/2008 | $13.21 | $13.17 |
| 7/31/2008 | $13.60 | $13.21 |
| 8/1/2008 | $14.05 | $13.28 |
| 8/4/2008 | $14.86 | $13.40 |
| 8/5/2008 | $15.50 | $13.55 |
| 8/6/2008 | $15.78 | $13.70 |
| 8/7/2008 | $15.80 | $13.83 |
| 8/8/2008 | $16.00 | $13.96 |
| 8/11/2008 | $16.20 | $14.08 |
| 8/12/2008 | $15.99 | $14.18 |
| 8/13/2008 | $15.98 | $14.27 |
| 8/14/2008 | $15.95 | $14.35 |
| 8/15/2008 | $16.19 | $14.44 |
| 8/18/2008 | $16.01 | $14.51 |
| 8/19/2008 | $15.24 | $14.54 |
| 8/20/2008 | $15.15 | $14.56 |

| 8/21/2008 | $15.03 | $14.58 |
| 8/22/2008 | $15.33 | $14.61 |
| 8/25/2008 | $15.05 | $14.62 |
| 8/26/2008 | $15.10 | $14.64 |
| 8/27/2008 | $15.48 | $14.67 |
| 8/28/2008 | $15.54 | $14.70 |
| 8/29/2008 | $15.42 | $14.72 |
| 9/2/2008 | $16.04 | $14.76 |
| 9/3/2008 | $16.15 | $14.80 |
| 9/4/2008 | $15.62 | $14.82 |
| 9/5/2008 | $15.46 | $14.84 |
| 9/8/2008 | $15.90 | $14.87 |
| 9/9/2008 | $14.88 | $14.87 |
| 9/10/2008 | $15.17 | $14.88 |
| 9/11/2008 | $15.28 | $14.89 |
| 9/12/2008 | $15.19 | $14.89 |
| 9/15/2008 | $14.07 | $14.87 |
| 9/16/2008 | $14.35 | $14.86 |
| 9/17/2008 | $13.87 | $14.84 |
| 9/18/2008 | $14.40 | $14.83 |
| 9/19/2008 | $15.67 | $14.85 |
| 9/22/2008 | $14.72 | $14.85 |
| 9/23/2008 | $14.24 | $14.83 |
| 9/24/2008 | $13.81 | $14.81 |
| 9/25/2008 | $13.94 | $14.79 |
| 9/26/2008 | $13.77 | $14.77 |
| 9/29/2008 | $12.21 | $14.73 |
| 9/30/2008 | $12.44 | $14.68 |
| 10/1/2008 | $12.89 | $14.65 |
| 10/2/2008 | $12.37 | $14.61 |
| 10/3/2008 | $12.38 | $14.57 |
| 10/6/2008 | $11.86 | $14.52 |
| 10/7/2008 | $10.60 | $14.45 |
| 10/8/2008 | $10.90 | $14.39 |
| 10/9/2008 | $10.20 | $14.32 |
| 10/10/2008 | $10.53 | $14.26 |
| 10/13/2008 | $11.52 | $14.22 |
| 10/14/2008 | $10.81 | $14.16 |

In the event a Class Member has more than one purchase or sale of TeleTech common stock, all purchases and sales shall be matched on a First-In, First-Out ("FIFO") basis, sales will be matched against purchases in chronological order. A purchase or sale of TeleTech common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or

"payment" date. The receipt or grant by gift, devise, or operation of law of TeleTech common stock shall not be deemed a purchase or sale of TeleTech common stock for the calculation of an Authorized Claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of TeleTech common stock in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of TeleTech common stock.

To the extent an Authorized Claimant had a gain from his, her, or its overall transactions in TeleTech common stock, the value of the recognized claim will be zero. To the extent that an Authorized Claimant suffered an overall loss on his, her, or its overall transactions in TeleTech common stock, but that loss was less than the recognized claim calculated above, then the recognized claim shall be limited to the amount of the actual loss.

For purposes of determining whether an Authorized Claimant had a gain from his, her, or its overall transactions in TeleTech common stock or suffered a loss, the Claims Administrator shall (i) total the amount paid for all TeleTech common stock purchased during the Class Period; and (ii) match any sales of TeleTech common stock during the Class Period.

Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her, or its recognized claim as compared to the total recognized claims of all Authorized Claimants. The minimum distribution amount to an Authorized Claimant with a valid recognized claim shall be $10.00.

Class Members who do not submit acceptable Proofs of Claim will not share in the settlement proceeds. Class Members who do not either submit a request for exclusion or submit an acceptable Proof of Claim will nevertheless be bound by the Settlement and the Final Judgment of the court dismissing this Litigation.

- 25 -

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used (a) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution; (b) second, to pay any additional settlement administration fees and expenses, including those of Lead Plaintiff's counsel as may be approved by the Court; and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If after six (6) months following such second distribution, if undertaken, or if such second distribution is not undertaken, any funds remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, such funds shall be contributed to an Internal Revenue Code Section 501(c)(3) charity to be agreed upon by the parties and approved by the Court.

Lead Plaintiff, Defendants, their respective counsel, and all other Released Persons shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or

payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired TeleTech common stock during the Class Period for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS AFTER YOU RECEIVE THIS NOTICE, you must either (1) send a copy of this Notice and the Proof of Claim by First-Class Mail to all such persons; or (2) provide a list of the names and addresses of such persons to the Claims Administrator:

> *TeleTech Litigation Settlement*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box _____
> _____, ___ _____
> (800) ___ - ___ ___

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Notice and Proof of Claim and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator.

- 27 -

**PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

Dated:      New York, New York

            _____, 2009

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

N:\...\NT-4\DScott\LOCALS~1\Temp\MetaSave-(v2)-AL-06061234.doc

- 28 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - ─────────────────────────── x
In re TELETECH LITIGATION          :   Master File No. 1:08-cv-00913-LTS
                                   :
────────────────────────────────── :
                                   :   CLASS ACTION
This Document Relates To:          :
                                   :
   ALL ACTIONS.                    :
                                   :
- - - ───────────────────────────── x
```

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Class based on your claims in the action entitled *In re TeleTech Litigation*, Master File No. 1:08-cv-00913-LTS (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.    YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2010, ADDRESSED AS FOLLOWS:

> *TeleTech Litigation Settlement*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box ____
> _____

If you are NOT a member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim and Release form.

4.    If you are a member of the Class and you did not timely request exclusion in connection with the proposed Settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.    CLAIMANT IDENTIFICATION

If you purchased or acquired TeleTech common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased

- 1 -

or acquired TeleTech common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the TeleTech common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE TELETECH COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in TeleTech Common Stock" to supply all required details of your transaction(s) in TeleTech common stock and Part III of this form entitled "Schedule of Transactions in TeleTech Options" to supply all required details of your transaction(s) in TeleTech put and call options. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions of TeleTech common stock and/or put and call options which took place at

- 2 -

any time between October 25, 2006 and July 16, 2008, inclusive (the "Class Period"), and *all* of your sales of TeleTech common stock which took place at any time between October 25, 2006 and October 14, 2008, inclusive, and *all* of your sales of TeleTech put and call options which took place at any time between October 25, 2006 and July 16, 2008, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the TeleTech common stock you held at the close of trading on October 24, 2006, at the close of trading on July 16, 2008, and at the close of trading on October 14, 2008. Failure to report all such transactions may result in the rejection of your claim.

List each transaction in the Class Period separately and in chronological order, by trade date, starting with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of TeleTech common stock. The date of a "short sale" is deemed to be the date of sale of TeleTech common stock.

Copies of broker confirmations or other documentation of your transactions in TeleTech common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at _____ or visit their website at www.gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly

- 3 -

submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*In re TeleTech Litigation*

Master File No. 1:08-cv-00913-LTS

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____, 2010

Please Type or Print

PART I:     CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____          _____
City                                      State or Province

_____          _____
Zip Code or Postal Code                   Country

                                          _____    Individual
_____          _____    Corporation/Other
Social Security Number or
Taxpayer Identification Number

_____
Area Code          Telephone Number (work)

_____
Area Code          Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

- 5 -

A.    Number of shares of TeleTech common stock held at the close of trading on October 24, 2006: _____

B.    Purchases or acquisitions of TeleTech common stock (October 25, 2006 – July 16, 2008, inclusive):

| Trade Date<br>Mo. Day Year | Number of<br>Shares Purchased<br>or Acquired | Total Purchase or<br>Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

IMPORTANT: If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

_____     _____     _____

Mo. Day Year                Merger Shares                Company

C.    Sales of TeleTech common stock (October 25, 2006-October 14, 2008, inclusive):

| Trade Date<br>Mo. Day Year | Number of<br>Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.    Number of shares of TeleTech common stock held at the close of trading on July 16, 2008: _____

E.    Number of shares of TeleTech common stock held at the close of trading on October 14, 2008: _____.

If you require additional space, attach extra schedules in the same format as above. Sign and

print your name on each additional page.

- 6 -

YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN
THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF
YOUR CLAIM.

## PART III. SCHEDULE OF TRANSACTIONS IN TELETECH OPTIONS

## PURCHASES/REPURCHASES

I made the following purchase/repurchase of options on TeleTech common stock during the
period from October 25, 2006 through July 16, 2008, inclusive:

| Transaction and Date (Chronologically) | Number of Option Contracts acquired | Expiry Date (Month, Year) | Strike Price | Transaction price per option contract | [P]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|
| D D / M M / Y Y | | M M / Y Y | | | |

### SALES/WRITTEN

I made the following sales/written options on TeleTech common stock during the period
October 25, 2006 through July 16, 2008, inclusive:

| Sale or Transaction and Date (Chronologically) | Number of Option Contracts acquired | Expiry Date (Month, Year) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|
| D D / M M / Y Y | | M M / Y Y | | | |

- 8 -

*If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.*

YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other TeleTech securities, such as options) if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of TeleTech common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V. RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants, their respective immediate family members, heirs, executors, administrators, successors, assigns, present and former employees, officers, directors, managing directors, partners, attorneys, assigns, legal representatives, accountants, insurers, reinsurers, and agents of each of them, and any person or entity which is or is related to or affiliated with any Defendant and any entity in which any Defendant has or had a controlling interest and their present, former and future parents, limited partners, subsidiaries, divisions, affiliates, predecessors, and successors, and their respective employees, officers, directors, managing directors, partners, attorneys, assigns, legal representatives, accountants, insurers, reinsurers, underwriters, and agents.

2.     "Released Claims" means (i) all rights, demands, claims (including "Unknown Claims" as defined below), and causes of action of every nature and description, in law or equity, accrued or unaccrued, and whether known or unknown, and whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any member of the Class asserted, or could have asserted in any forum, arising out of, or relating to, directly or indirectly, the purchase or acquisition of TeleTech common stock during the Class Period, and the facts, matters, allegations, transactions, events, disclosures, statements, acts, or omissions which were alleged or that could have been alleged in the Complaint; and (ii) all rights, demands, claims (including "Unknown Claims" as defined below) and causes of action of every nature and description, in law or equity, accrued or unaccrued, and whether known or unknown, and whether arising under federal, state, common, or foreign law, that any Defendant asserted, or could have asserted in any forum, against any other Defendant arising out of, or relating to, directly or indirectly, the purchase or acquisition of TeleTech common stock during the Class Period, including, without limitation, the facts, matters, allegations, transactions, events, disclosures, statements, acts, or omissions which were alleged or that could have been alleged in the Complaint.

3.     "Unknown Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description which the Lead Plaintiff, any Class Member, or any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members

shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Defendants shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiff, Class Members, or any Defendant may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and Defendants shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

- 12 -

This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

4.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in TeleTech common stock and/or put and call options which occurred during the Class Period as well as the number of shares of TeleTech common stock held by me (us) at the close of trading on October 24, 2006, at the close of trading on July 16, 2008, and at the close of trading on October 14, 2008.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this proof of claim and release form by the undersigned is true and correct.

Executed this _____ day of _____
                                                              (Month/Year)

in _____    _____
      (City)                              (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

## ACCURATE CLAIMS PROCESSING TAKES A
## SIGNIFICANT AMOUNT OF TIME.
## THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your claim form and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send us your new address.

DOCUME~1\DScott\LOCALS~1\Temp-MetaSave\A2 Proof of Claim.doc

- 14 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re TELETECH LITIGATION                :    Master File No. 1:08-cv-00913-LTS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   :
                                         :    CLASS ACTION
This Document Relates To:                :
                                         :
      ALL ACTIONS.                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

SUMMARY NOTICE

EXHIBIT A-3

ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED TELETECH HOLDINGS, INC. ("TELETECH") COMMON STOCK BETWEEN OCTOBER 25, 2006 AND JULY 16, 2008, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Southern District of New York, a hearing will be held on _____, 2010, at ____ .m., before the Honorable Laura Taylor Swain, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, for the purpose of determining: (1) whether the proposed settlement of the Litigation for the sum of $11,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement dated October 21, 2009; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Litigation, together with interest thereon.

If you purchased or otherwise acquired TeleTech common stock between October 25, 2006 and July 16, 2008, inclusive, your rights may be affected by this Litigation and the settlement thereof. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to *TeleTech Litigation Settlement*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box _____, _____, _____, or by downloading this information at www._____.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release no later than _____, 2010, establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Litigation unless you request to be excluded, in writing, to the above address, postmarked by _____, 2010.

Any objection to any aspect of the settlement must be filed with the Clerk of the Court no

later than _____, 2010 and *received* by the following no later than _____, 2010:

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Lead Plaintiff*

BROWNSTEIN HYATT FARBER
 SCHRECK, LLP
TIMOTHY R. BEYER
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4437

DEWEY & LEBOEUF LLP
GEOFFREY H. COLL
1101 New York Avenue. NW
Suite 1100
Washington, DC 20005

MORRISON & FOERSTER, LLP
DENNIS P. ORR
1290 Avenue of the Americas
New York, NY 10104-0050

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
JAY B. KASNER
Four Times Square
New York, NY 10036-6522

*Counsel for Defendants*

## PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE

## REGARDING THIS NOTICE.

DATED: ___ _____, 2009     BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF NEW YORK

- 2 -